UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ANTHONY ROBINSON, | : |
| Plaintiff | : CIVIL ACTION NO. 3:11-1269 |
| v. | :    (MARIANI, D.J.) |
| | :    (MANNION, M.J.) |
| JOHN WETZEL, Warden and DORINA VARNER, Chief Grievance Officer, | : |
| | : |
| Defendants | : |

## **MEMORANDUM AND ORDER**[1]

Pending before the court is a motion filed by the plaintiff in which he seeks (1) to have the court certify the instant action as a class action and (2) to have the court appoint him counsel. (Doc. No. 3).

Initially, the plaintiff requests that the court certify the instant action as a class action. In doing so, the plaintiff does nothing more than to cite the factors relevant to obtaining class certification pursuant to Fed.R.Civ.P. 23. The plaintiff provides no support which would indicate that these factors are applicable to the instant action. As such, his motion for class certification will be denied.

The plaintiff next requests, with nothing more, that the court appoint him

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

counsel. To this extent, it is well established that indigent litigants have no constitutional or statutory right to appointed counsel in a civil case. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)). However, Congress has given the district courts broad discretion to appoint counsel when deemed appropriate. See id.; 28 U.S.C. §1915(e)(1) (2006).[2] For example, appointment of counsel should be made when circumstances "indicate the likelihood of substantial prejudice to [the indigent litigant] resulting . . . from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Ferrell v. Beard, 2006 U.S. Dist. LEXIS 63504, at *9 (M.D. Pa. Sept. 9, 2006) (quoting Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)). Yet the court must always make a threshold determination of "whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 499-500; Ferrell, at *9.

If the case is genuinely meritorious, then the court will consider a variety of factors that guide the court in deciding whether to appoint counsel. A nonexhaustive list includes:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;

---

[2]The Third Circuit has rejected the notion that the appointment of counsel under §1915(e)(1) is justified only under "exceptional circumstances." Montgomery, 294 F.3d at 498 n.9 (internal citations omitted).

    3.      the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

    4.      the plaintiff's capacity to retain counsel on his or her own behalf;

    5.      the extent to which a case is likely to turn on credibility determinations, and;

    6.      whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993)).

In addition, the court is to consider several other practical considerations which serve to restrain a court's decision to appoint counsel in a civil case: the growing number of civil rights actions filed in federal courts by indigent litigants; the lack of funding to pay appointed counsel; and the finite pool of qualified attorneys willing to undertake assignments on a pro bono basis. See id. at 505. Yet despite these circumstances, careful analysis of the post-threshold factors will allow for the appropriate allocation of these limited legal resources. See id.

In this case, the plaintiff's filings seem to indicate that he has the ability to "present the facts and legal issues to the court" without the assistance of an attorney. A review of the record of this case suggests that plaintiff can, given the leeway afforded to pro se litigants, adequately present his case and follow the applicable Rules. The plaintiff is literate and is able to communicate his thoughts to the court. His filings this far have been understood, and they indicate that plaintiff is capable of pursuing his complaint without the benefit of appointed counsel. The issues raised by plaintiff do not appear to be

complex. Thus, the plaintiff's request for court-appointed counsel will be denied.

As a final matter, the court notes that, although the plaintiff is seeking class certification in addition to the appointment of counsel, Fed.R.Civ.P. 23 also does not provide a basis for appointment of counsel in this case. To this extent, while Rule 23 requires the appointment of a class counsel and provides the procedures for such an appointment once a class has been certified, these provisions do not authorize the appointment of counsel to represent an indigent plaintiff seeking to certify a class. See Fed.R.Civ.P. 23(b)(1)(B), (b). Instead, they merely provide for the appointment of a single attorney or group of attorneys to function as class counsel from those attorneys already involved in the litigation. Id. Therefore, Fed.R.Civ.P. 23 does not provide the court with the authority to appoint counsel to represent the plaintiff so that he can attempt to pursue the instant action as a class action.

**NOW, THEREFORE, IT IS ORDERED THAT:**

the plaintiff's motion for class certification and appointment of counsel, **(Doc. No. 3)**, is **DENIED.**


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Dated:  November 28, 2011

O:\shared\ORDERS\2011 ORDERS\11-1269-01.wpd